# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **E.B.**

**No. 21-0804** (Kanawha County 21-JA-165)

## MEMORANDUM DECISION

Petitioner Father J.B., by counsel Michael M. Cary, appeals the Circuit Court of Kanawha County's September 13, 2021, order terminating his parental rights to E.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Michael L. Jackson, filed a response in support of the circuit court's order. The guardian ad litem, Jennifer N. Taylor, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2021, the DHHR filed a child abuse and neglect petition alleging that then five-year-old E.B. suffered two self-inflicted gunshot wounds while in the backseat of petitioner's vehicle.[2] The DHHR alleged that E.B. told a DHHR worker that the firearm belonged to petitioner and that he witnessed petitioner discharging that firearm earlier in the day. E.B. revealed that petitioner was driving to the mother's place of work and that he was in the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]E.B. suffered both gunshot wounds to his left leg. One bullet passed through his upper thigh. The other bullet struck his femur, fracturing it, and the child required surgery to remove the bullet from his ankle.

back seat of the vehicle. E.B. stated that petitioner threw the firearm into the back seat of the vehicle then went inside the mother's place of business and left E.B. in the backseat. E.B. stated he picked up the firearm and shot himself, believing it would grant him "street cred." The DHHR worker interviewed petitioner, who stated that he had no knowledge of who owned the firearm, how the firearm came to be in the vehicle, or the firearm's whereabouts following the incident. Petitioner was later arrested and charged with being a prohibited person in possession of a firearm and child neglect causing serious injury. Petitioner waived his right to a preliminary hearing.

The circuit court held an adjudicatory hearing in May of 2021. A DHHR worker testified consistent with the allegations in the petition. A second DHHR worker testified that petitioner was participating in services, such as random drug screening and classes. However, the worker expressed concern that petitioner would not admit to any details concerning the ownership of the firearm. Due to petitioner's failure to accept any responsibility, the DHHR objected to an improvement period for petitioner. Petitioner testified that he did not know who owned the firearm or how it came to be in the vehicle. He stated that he could see the child after he left the vehicle and witnessed the child unfasten the buckle of his car seat but that he was too far away to instruct the child to return to the car seat. Petitioner then declined to answer any further questions regarding the shooting incident.

Ultimately, the circuit court found by clear and convincing evidence that petitioner knowingly left the child unattended in the vehicle; failed to properly supervise the child, resulting in the child shooting himself twice; and failed to acknowledge or take any responsibility for the incident. The circuit court adjudicated petitioner as an abusing parent and E.B. as an abused and neglected child.

In August of 2021, the circuit court held the final dispositional hearing. A DHHR worker testified that the DHHR was recommending termination of petitioner's parental rights. The worker admitted that petitioner was compliant with services, but that he had demonstrated no accountability for the conditions of neglect or abuse. For example, when petitioner participated in a parental fitness evaluation, he reported to the evaluator that the DHHR filed the child abuse and neglect petition because he left the child in the vehicle unattended, but neglected to mention the child's resultant gunshot wounds. The DHHR worker testified that petitioner was "largely non-compliant" and "evasive" during the interview portion of the evaluation. The DHHR worker further testified that although petitioner was ordered to pay child support during the proceedings, he had failed to do so.

During the dispositional hearing, petitioner reiterated that he had no knowledge as to how the firearm appeared in his car. He confirmed that he left the child alone in the vehicle on the day of the incident, that the vehicle was his, and that he was responsible for the vehicle. Petitioner also asserted that he paid child support directly to the mother but was unaware that the child support needed to be paid through the Bureau of Child Support Enforcement. The circuit court found that petitioner's testimony was not credible regarding either incident that resulted in the child's gunshot wounds, or his alleged payment of child support.

2

Ultimately, the circuit court found that petitioner failed to acknowledge any responsibility for the conditions of abuse and neglect. The circuit court, therefore, concluded there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the welfare of the child. The circuit court terminated petitioner's parental rights by its September 13, 2021, order. Petitioner now appeals this order.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights on the sole basis that he exercised his Fifth Amendment right to remain silent. Petitioner asserts that he exercised his right to remain silent to protect himself from self-incrimination in his pending criminal case. He emphasizes that he was compliant with services, which shows his dedication to his child. We find petitioner is entitled to no relief.

This Court addressed a parent's decision to remain silent during abuse and neglect proceedings at length in *West Virginia Department of Health and Human Resources ex rel. Wright v. Doris S.*, 197 W. Va. 489, 475 S.E.2d 865 (1996). In that case, we held that

> [b]ecause the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability.

---

[3]The mother was a nonabusing parent and retains her parental rights to E.B. The child has achieved permanency in his mother's custody.

*Id.* at 492, 475 S.E.2d at 868, Syl. Pt. 2. We noted that "[t]here is no basis in law for requiring a court be disallowed from considering a parent's or guardian's choice to remain silent as evidence of civil culpability." *Id.* at 497, 475 S.E.2d at 873.[4] Notably, petitioner does not acknowledge our prior holding or cite any authority to the contrary. Pursuant to *Doris S.*, we find that the circuit court did not err in considering petitioner's silence as affirmative evidence of his culpability.

Moreover, the circuit court did not terminate petitioner's parental rights due solely to his decision to remain silent. The circuit court also heard clear and convincing evidence that petitioner knowingly left the young child unattended in the vehicle; failed to properly supervise the child, resulting in the child shooting himself twice; and failed to acknowledge or take any responsibility for the incident. Critically, petitioner's failure to acknowledge the conditions of abuse and neglect is a substantial barrier for any improvement of those conditions. This Court has held that "[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). The circuit court's finding that petitioner failed to acknowledge the conditions of abuse and neglect fully supports its finding that there was no reasonable likelihood that the conditions of neglect or abuse would be substantially corrected in the near future. *See* W. Va. Code § 49-4-604(c)(6) (detailing the required findings for termination of parental rights). This Court has held that

---

[4]We have previously considered whether the constitutional rights of parents facing criminal charges arising out of the abuse and neglect of the child are adequately protected:

> Such a parent or guardian may be invoking his/her right to remain silent pursuant to the Fifth Amendment because that individual also may be facing criminal charges arising out of the abuse and neglect of the child. The rights of the criminally accused are sufficiently protected, however, by the following statutory provisions: 1) West Virginia Code § [49-4-603(5)] which allows medical and mental examinations of the child or other parties involved in an abuse and neglect proceeding provides that "[n]o evidence acquired as a result of any such examination of the parent or any other person having custody of the child may be used against such person in any subsequent criminal proceedings against such person; 2) West Virginia Code § [49-5-101(a)] provides that "[a]ll records of the state department, the court and its officials, law-enforcement agencies and other agencies or facilities concerning a child as defined in this chapter shall be kept confidential and shall not be released ...[;]" and 3) West Virginia Code § 57–2–3 (1966) provides that "[i]n a criminal prosecution other than for perjury or false swearing, evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination."

*W. Va. Dep't of Health and Hum. Res. ex rel. Wright v. Doris S.*, 197 W. Va. 489, 497 n.22, 475 S.E.2d 865, 874 n.22 (1996).

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The circuit court was well within its discretion to terminate petitioner's parental rights based on the record presented, and we find no error in the circuit court's decision.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 13, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

5